**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ILHAN SAYER | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO.:18-1187 |
| | : | |
| JAMES RIVER INSURANCE COMPANY | : | |

**ANSWER OF DEFENDANT, JAMES RIVER INSURANCE COMPANY, TO THE**
**COMPLAINT OF PLAINTIFF, ILHAN SAYER**

Defendant, James River Insurance Company (hereinafter "James River"), by and through

its counsel, McCormick & Priore, P.C., hereby files this Answer in accordance with the Federal

Rules of Civil Procedure and the Local Rules of Court for the Western District of Pennsylvania,

and in support thereof comes before this Honorable Court and avers:

1.      Admitted upon information and belief.

2.      Admitted in part, denied in part. It is admitted that James River has its mailing

address of P.O. Box 27648, Richmond, Virginia 23261. It is denied that James River's principal

place of business is located at the address identified in this paragraph of plaintiff's Complaint.

By way of further response, James River has a principal place of business located at 6641 W.

Broad Street, Suite 300, Richmond, Virginia 23230.

3.      Denied. The averments in this paragraph constitute conclusions of law to which

no response is required.  Accordingly, they are deemed denied.

4.      Denied.  The averments contained in this paragraph are conclusions of law to

which no further response is required.  To the extent they may be deemed factual in nature, the

claims made herein are writings which speak for themselves.  By way of further answer, the

claims include not only benefits under the policy, but also, *inter alia,* extra-contractual, bad faith,

1

punitive damages. The policy is a writing which speaks for itself, and any characterizations thereof are denied. *A true and correct copy of the complete policy is attached hereto, made a part hereof and marked Exhibit "A."*

5.      Admitted in part; denied in part. It is admitted that at all times material hereto there existed in full force and effect a policy of insurance which provided, *inter alia,* $1 million in Underinsured Motorist benefits in accordance with the terms and provisions of the policy of insurance, which are incorporated herein by reference. *See Exhibit "A."* To the extent the remainder of the averments in this paragraph constitute conclusions of law, there are denied as no response is required. To the extent the remainder of these averments may be deemed factual, the letters referenced are writings which speak for themselves. Any characterization thereof is denied.

6.      Denied as stated. It is admitted that shortly after the accident, James River was notified that plaintiff had been involved in an accident and assigned claim number 90179245. The answering defendant has always maintained that coverage would be provided in accordance with the terms and provisions of the insurance policy. *See Exhibit "A."*

7.      Admitted.

8.      Admitted in part, denied in part. It is admitted that the impaired driver struck plaintiff's vehicle. After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if material. To the extent that these averments may be deemed factual, they are also denied pursuant to *Pa. R.C.P. 1029(e).*

9.      Admitted in part, denied in part. It is admitted that the airbags deployed in plaintiff's vehicle. After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Therefore, they are denied. Strict proof thereof is demanded at trial, if material. To the extent that these

averments may be deemed factual, they are also denied pursuant to *Pa. R.C.P. 1029(e)*.

10. (a)-(t)  Denied.  After reasonable investigation, James River is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

11.        Admitted in part, denied in part. It is admitted that plaintiff filed an action against the impaired driver. The Complaint filed in the direct action is a writing which speaks for itself, and any characterizations thereof are denied.  After reasonable investigation, the answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.  Therefore, they are denied.  Strict proof thereof is demanded at trial, if material.

12.        Admitted in part; denied in part.  It is admitted that counsel for plaintiff did communicate with James River during the pendency of the underlying litigation.  However, he failed to respond to multiple requests for documentation regarding plaintiff's alleged injuries. Specifically, pursuant to a November 6, 2017 email, plaintiff's counsel advised James River that he would "scan and send" information to James River as it was received. No such "scanning" or sending occurred until months later. Additionally, plaintiff's counsel did not provide any of the medical documentation he advised he would on June 7, 2018, until approximately one month after he confirmed he would forward the medical documentation. Plaintiff's counsel had continually stated that he would send the records in his possession upon receiving them, dating back to November 2017, yet no records were produced until the end of June 2018.

13.        Admitted in part, denied in part.  Counsel for plaintiff eventually provided the medical documentation collected by the Hartford,   After reasonable investigation, James River

is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

14.     Denied.  After reasonable investigation, James River is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.

15.     Admitted.

16.     Denied.  After reasonable investigation, James River is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of plaintiff's Complaint. Therefore, they are denied. Strict proof thereof is demanded at trial, if material.  Further, the averments in this paragraph constitute conclusions of law to which no response is required.  Accordingly, they are deemed denied.

17.     Admitted.

18.     Admitted in part; denied in part.  It's admitted that James River consented to the settlement.   However, the email referenced is a writing which speaks for itself, and any characterizations thereof are denied.

19.     Denied. The email referenced is a writing which speaks for itself.   Any characterizations thereof are denied.  By way of further response, although counsel for plaintiff stated that he would send the medical documentation from the Hartford, the insurance carrier for the impaired driver in the underlying matter, Plaintiff's counsel did not send these records. Further, James River hereby incorporates its response to paragraph 12 as though more fully stated herein at length.

4

20.     Admitted. By way of further response, James River hereby incorporates its response to paragraph 12 as though more fully stated herein at length. Additionally, plaintiff's counsel did not attempt to provide any medical documentation to the claims examiner until almost one week later.

21.     Denied. The email and any attachments referenced are writings which speak for themselves and any characterizations thereof are denied. By way of further response, James River hereby incorporates its response to paragraph 12 as though more fully stated herein at length.

22.     Admitted. By way of further response, James River hereby incorporates its response to paragraph 12 as though more fully stated herein at length.

23.     Denied as stated. It is admitted that on June 28, 2018, plaintiff's counsel emailed the claims examiner asking if she needed any further information. However, on the same day, prior to counsel sending the email to the claims examiner, the claims examiner stated to counsel that she would not receive the materials until June 29, 2018 at the earliest. Therefore, there was no way of knowing if she needed anything further. On July 12, 2018, Plaintiff's counsel did again emailed the Claims Examiner demanding that she review the materials.

24.     Denied. The email is a writing which speaks for itself, and any characterizations thereof are denied.  By way of further response, in order to get a proper view of the case and estimate any future costs, the claims examiner asked for information regarding what had already been paid towards plaintiff's medical care. By way of further response, medical bills can show where plaintiff has treated and to see if any medical records were not contained in the documents forwarded by plaintiff's counsel.

25.     Denied. The email is a writing which speaks for itself, and any characterizations

thereof are denied. James River hereby incorporates its response to paragraph 12 as though more fully stated herein at length. By way of further response, plaintiff had already received $100,000 from the driver in the underlying matter. The medical records, provided by plaintiff's counsel, showed approximately two months of treatment after which time his own doctor cleared him to return to work on January 9, 2018 (during which time he had also returned to working for Uber). Essentially, the injuries were limited to minor soft tissue injuries and that any other alleged injuries were degenerative in nature as discussed in plaintiff's own radiological studies, copies of which are attached hereto and marked as *Exhibit "B."*

26.     Admitted. By way of further answer, plaintiff's counsel threatened and intimated the James River claims examiner by suing for bad faith starting in his July 16, 2018, email to the claims examiner, and continuing in his July 17 and 18, 2018 emails. In fact, plaintiff's counsel made good on this threat by filing this lawsuit twenty one (21) days thereafter, 20 days after sending a portion of the medical records which had been promised as early as November 6, 2017.

27.     Admitted. By way of further response, the claims examiner stated she would "love to go up," if counsel could provide evidence that plaintiff's claim was worth more than the $100,000 that he had already received from the Hartford. Further, the claims examiner reiterated that there was nothing in the materials provided to her that demonstrated plaintiff was permanently disabled. Additionally, James River hereby incorporates its response to paragraphs 12, 25 and 26 as though more fully stated herein at length.

28.     Denied as stated. It is admitted that plaintiff's counsel argued his case. However he still did not provide any documentation to show that his client was permanently disabled or that his injuries were more than minor soft tissue injuries and degenerative issues. It is admitted that counsel did reduce his demand from $1 million to $750,000. But, this demand is wholly

disproportionate to the documents submitted in support of the claim. By the way of further response, plaintiff's counsel continued to threaten bad faith while alleging unsupported "permanent", "disabling" injuries.

29.     Denied. The email is a writing which speaks for itself, and any characterizations thereof are denied. By way of further response, James River hereby incorporates its response to paragraphs 12, 25, 26 and 27 as though more fully stated herein at length.

30.     Denied. The emails referenced are writings which speak for themselves, and any characterizations thereof are denied. By way of further response, in an effort to gain more insight into plaintiff's alleged injuries, the Claims Examiner performed a social media search on plaintiff which yielded a photograph that displayed the date of December 11, 2017, as the posting date depicting him backpacking.

31.     Denied. The emails are writings which speak for themselves, and any characterizations thereof are denied. By way of further response, plaintiff's counsel did advise that his client stated the photograph was from a trip in 2014 that was not posted until December 2017. Further, counsel did advise on that date in a separate email that his client had an appointment with Pain and Spine Specialist Group, and that a narrative would be forthcoming. To date, no narrative has ever been provided. Additionally, this was the first time that plaintiff had provided any medical billing information as had been previously requested on numerous occasions.

32.     Denied. The email is a writing which speaks for itself, and any characterizations thereof are denied. By way of further response, James River had been presented with its first documentation of the file on June 28, 2018, one day **after** plaintiff's counsel had made its demand for policy limits of $1,000,000 over and above the $100,000 already received. The

claims examiner asked for additional documentation to support the claim including medical billing information, PIP logs and any medical documentation supporting the claim that plaintiff is disabled.   Plaintiff's counsel refused or was unable to provide any such documentation. Instead, he required James River to simply tender the money demanded without the opportunity to independently investigate or evaluate the claim, as expressly contemplated in the policy of insurance.   When James River refused to accede to plaintiff's counsel's demands, he filed the instant bad faith lawsuit on August 8, 2018.   By way of further response, James River hereby incorporates its response to paragraphs 12, 25, 26 and 27 as though more fully stated herein at length.   By way of further answer, once the investigation is complete, the policy contemplates the possibility of a dispute as to value.   Under such circumstances, a claim for benefits such as that made in Count 1 herein may be appropriate.   Until such time, any such lawsuit is premature.

33.        Admitted in part, denied in part.   It is admitted that the claims examiner made numerous requests for supporting documentation of "permanent" "disabling" injuries.   In response, plaintiff's counsel provided no records of "permanent" or "disabling" injuries which he had for month possessed, instead, he threatened to sue for bad faith and suggested that the claims examiner was playing a "game".   In response, the claims examiner advised that she could not offer more than she had.   The remaining averments in this paragraph are conclusions of law to which no further response is required.   By way of further response, the email is a writing which speaks for itself, and any characterizations thereof are denied.

34.        Denied.   The averments in this paragraph constitute conclusions of law to which no response is required.   Accordingly, they are deemed denied.   By way of further response, James River hereby incorporates its response to paragraphs 12, 25, 26, 27 and 33 as though more fully stated herein at length.

8

35.     James River hereby incorporates paragraphs all prior paragraphs and subsequent paragraphs in the counts below as though they were set forth at length therein.

## COUNT I – BREACH OF INSURANCE CONTRACT

36.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraph 5 as though more fully stated herein at length.

37.     Admitted in part, denied in part. James River hereby incorporates its response to paragraphs 17 through 19 as though more fully stated herein at length.

38.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 24 through 31 as though more fully stated herein at length.

39.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 5 and 37 as though more fully stated herein at length.

40.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 12, and 24 through 31 as though more fully stated herein at length.

**WHEREFORE**, defendant, James River Insurance Company hereby demands that plaintiff's Complaint be dismissed with prejudice, or alternatively, that judgment be entered in its favor on the Complaint, together with the costs of its defense, including counsel fees, and any other

relief deemed appropriate by the Court.

## COUNT II – INSURANCE BAD FAITH

41.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 12, and 24 through 32 as though more fully stated herein at length.

42.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 12, and 24 through 32 as though more fully stated herein at length.

43.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 12, and 24 through 32 as though more fully stated herein at length.

44.     Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Accordingly, they are deemed denied. By way of further response, James River hereby incorporates its response to paragraphs 12, and 24 through 32 as though more fully stated herein at length.

**WHEREFORE**, defendant, James River Insurance Company hereby demands that plaintiff's Complaint be dismissed with prejudice, or alternatively, that judgment be entered in its favor on the Complaint, together with the costs of its defense, including counsel fees, and any other relief deemed appropriate by the Court.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against James River upon which relief may be

granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, or subject to reduction, due to Plaintiff's failure to properly mitigate his damages.

## THIRD AFFIRMATIVE DEFENSE

James River avers that, at the time and place averred in Plaintiff's Complaint, an intervening and/or superseding event and/or action may have occurred which, as a matter of law, may bar or otherwise limit Plaintiff's claims herein.

## FOURTH AFFIRMATIVE DEFENSE

James River avers that Plaintiff's alleged losses, damages, and/or treatment, or certain of them, are unreasonable and/or excessive in light of the facts of this matter.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or certain of them, are barred and/or otherwise limited by the terms and conditions of the insurance policy in question, which provides that "[n]o one may bring legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form ." *See Exhibit "A".*

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to the Subject Policy, plaintiff may have violated the policy by failing to cooperate with James River in the investigation of his claim.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to the Subject Policy, the policy contemplates that a dispute may arise as to the value of a claim once an investigation is complete.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims or certain of them are barred or otherwise limited by the terms and provisions of the insurance policy issued by James River, whose terms and provisions are fully incorporated herein. *See* Exhibit "A."

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the preclusion of pleading, proving and recovering special damages, as set forth in the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1722.

**WHEREFORE**, Defendant, James River Insurance Company, hereby denies any and all liability to Plaintiff and demands that Plaintiff's Complaint be dismissed, with prejudice, or, alternatively, that judgment be entered in its favor, together with its costs of defense, including attorneys' fees, and any and all additional relief deemed appropriate by the Court.

**McCORMICK & PRIORE, P.C.**

BY: _/S/ Scott J. Tredwell Esquire_
       Scott J. Tredwell, Esquire
       Attorney for Defendant,
       James River Insurance Company

Dated: 9-13-18